IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CHRIS CHESLEY, JASON HEROUX, DAVID MOOSMAN, JOHN PATTERSON, CHRISTOPHER THOMAS, ALLEN AREL, and DAVID HUTCHINSON )<br><br>Plaintiffs, )<br><br>v. )<br><br>DIRECTV, INC., DIRECTV, LLC, and MULTIBAND CORP., )<br><br>Defendants ) | Case No. 1:14-cv-00468 |

**DEFENDANT DIRECTV'S MOTION TO
DISMISS THE COMPLAINT AGAINST DIRECTV**

Defendant DIRECTV[1] hereby moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint against DIRECTV.

Plaintiffs' Complaint should be dismissed for failure to state a plausible claim against DIRECTV.  As an initial matter, Plaintiffs failed to plead the facts necessary to state a plausible claim that DIRECTV was their employer.  Indeed, the Complaint fails to even identify the specific entity or entities with whom DIRECTV allegedly jointly employed each Plaintiff.

Additionally, Plaintiffs' overtime claims should be dismissed because Plaintiffs wholly fail to identify any single workweek in which they worked over 40 hours and did not receive overtime for the hours worked over 40.  Plaintiffs' minimum wage claims should also be dismissed because Plaintiffs have failed to plead any facts that would support an inference that

---

[1] Effective January 1, 2012, DIRECTV, Inc. merged into DIRECTV, LLC and out of existence. Accordingly, although Plaintiffs have named two Defendants, only one, DIRECTV, LLC, currently exists.  Throughout this Motion and its supporting materials, DIRECTV, Inc. and DIRECTV, LLC are collectively referred to as DIRECTV.

the alleged off-the-clock work, charge backs and failure to reimburse business expenses caused any of them to receive an effective wage below the applicable minimum wage in any workweek.

Even assuming that Plaintiffs' Complaint did set forth the minimal facts necessary to state FLSA claims against DIRECTV (it does not), their claims are time-barred in whole or in part because, among other reasons, the Complaint fails to sufficiently plead "willfulness" to invoke a three-year, rather than two-year, statute of limitations.

The basis for the Motion is further explained in the attached Memorandum of Law, which is incorporated herein.

**Respectfully submitted,**

*/s/ Bronwyn L. Roberts*
Bronwyn L. Roberts, BBO #17157
DUANE MORRIS LLP
100 High Street, Suite 2400
Boston, MA  02110-1724
Tel: (857) 488-4200
Fax: (857) 488-4201
Email: blroberts@duanemorris.com

Michael Tiliakos (*Pro Hac Vice Pending*)
Natalie F. Hrubos (*Pro Hac Vice Pending*)
DUANE MORRIS LLP
1540 Broadway
New York, N.Y. 10036-4086
Telephone:  (212) 471-1843
Facsimile:  (215) 405-3710
Email:  MTiliakos@duanemorris.com
Email:  NFHrubos@duanemorris.com

*Attorneys for Defendant DIRECTV*

Dated:  January 5, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 5th day of January, 2015.

*/s/ Bronwyn L. Roberts*
Bronwyn L. Roberts

DM2\5329664.1