

1001037

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff Allan Arel ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.     PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined to include both the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, et al.*, Case No. 1:14-cv-00468-PB, and the prior related lawsuit filed in the U.S. District Court for the Eastern District of Missouri, captioned *Arnold, et al. v. DIRECTV, LLC, et al.*, Case No. 4:10-cv-00352.

B.     DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.     This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action. The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.     PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for unpaid wages and other compensation or damages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations

(M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), as well as under all other federal, state and/or local laws applicable to such claims or within the scope of the Release set forth in Paragraph 1 of this Agreement below.

E.     PLAINTIFF understands that the settlement of his claims against DEFENDANTS must be approved by the Court in which the Action is now pending. PLAINTIFF understands that this Agreement will not become effective unless and until the Court issues an order approving the settlement and dismissing the Action with prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.     Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs, executors, administrators, personal representative, assigns and legal representatives hereby release GOODMAN NETWORKS, INC. (including   MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and affiliated companies and benefits plans, and in the case of all such entities, their current and former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually, "RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims (*e.g.*, all claims related to the amount, calculation, or method of payment of compensation,

deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement; and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS"). No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department. Excluded from this release and waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation. PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above. The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement. PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

2.      Consideration: In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) the entry of a judgment by the Court, finally approving this Agreement, and (iv) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $6,300.00 (Six Thousand Three Hundred Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

a. One check shall be made payable to PLAINTIFF in the amount of $6,300.00, which is intended to compensate him for his RELEASED CLAIMS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment. PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

b. A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and PLAINTIFF for this payment.

The payments shall include no withholdings and shall be reported on IRS Forms 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

3. <u>Binding Effect:</u> The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement. This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors and assigns. All RELEASED PARTIES, and their heirs, executors, administrators, personal representatives, successors and assigns, are third-party beneficiaries of this Agreement.

4.      Scope of Agreement: This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and supersedes any and all prior agreements or understandings between the PARTIES. This Agreement may not be modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

5.      Full Consideration: PLAINTIFF represents and warrants that he is not owed any amounts, compensation, or damages of any nature from the RELEASED PARTIES for the RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that which was sought in the Action.  PLAINTIFF understands that this Agreement is a compromise of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he will have been fully compensated for all hours worked and all overtime incurred during the course of his employment or engagement with any of the RELEASED PARTIES, as of the effective date of this Agreement.   PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6.      Represented by Counsel. PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7.      No Admission Of Liability or Employment Relationship: Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor

shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF. By entering into this agreement with PLAINTIFF, DEFENDANTS do not in any way concede or agree that an employment relationship existed between PLAINTIFF and GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) or between PLAINTIFF and DIRECTV, LLC. Indeed, DEFENDANTS expressly deny that any such relationship existed.

8.      Dismissal of Lawsuit and No Other Action Pending.  PLAINTIFF agrees to take all the steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile the Action or otherwise pursue his claims. Other than the Action, PLAINTIFF represents that he has not filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court. In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice. PLAINTIFF agrees, promises and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

9.      Any Taxes and Liens Responsibility of PLAINTIFF: PLAINTIFF agrees that any taxes and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS and the RELEASED PARTIES have made no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien advice. PLAINTIFF

acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

10. <u>Unopposed Motion for Approval of Settlement</u>: PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved,and the Action is dismissed with prejudice. PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above. Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS. No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court approval of

the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate review of the decision denying approval of the Agreement.  In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.   Confidentiality: If employed by any DEFENDANT or engaged as a contractor or subcontractor by any DEFENDANT as of the effective date of this Agreement, PLAINTIFF agrees to keep confidential and not to otherwise disclose the terms of this Agreement, other than to immediate family members or his tax and legal advisors, provided that any such individuals agree to maintain the confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation by PLAINTIFF of this provision. Nothing herein shall preclude PLAINTIFF from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12.   Construction and Applicable Law: This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

13.   Severability:  If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected.  However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement.  Rather, if it is deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

14.    Preparation of Documents: This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

15.    Counterparts: This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**

Allan Arel

Date: 6-22-18

**FOR DEFENDANTS:**

DIRECTV, LLC

Date: _____

GOODMAN NETWORKS, INC.

Date: _____

1001038

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff Chris Chesley ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.  PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined to include both the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, et al.*, Case No. 1:14-cv-00468-PB, and the prior related lawsuits filed in the U.S. District Court for the Eastern District of Louisiana, captioned *Lang, et al. v. DIRECTV, Inc., et al.*, Case No. 2:10-cv-01085, and *Acfalle v. DirecTV*, Case No. 13-8108 ABC (Ex.), filed in the U.S District Court for the Central District of California.

B.  DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.  This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action.  The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.  PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for unpaid wages and other compensation or damages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and

101), as well as under all other federal, state and/or local laws applicable to such claims or within the scope of the Release set forth in Paragraph 1 of this Agreement below.

E.  PLAINTIFF understands that the settlement of his claims against DEFENDANTS must be approved by the Court in which the Action is now pending. PLAINTIFF understands that this Agreement will not become effective unless and until the Court issues an order approving the settlement and dismissing the Action with prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.  Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs, executors, administrators, personal representative, assigns and legal representatives hereby release GOODMAN NETWORKS, INC. (including  MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and affiliated companies and benefits plans, and in the case of all such entities, their current and former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually, "RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims (*e.g.*, all claims related to the amount, calculation, or method of payment of compensation, deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all

Page 2 of 10

claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement;  and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS"). No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department. Excluded from this release and waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation. PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above.  The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c.

151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement. PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

2.    Consideration: In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) the entry of a judgment by the Court, finally approving this Agreement, and (iv) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $45,450.00 (Forty-Five Thousand Four Hundred Fifty Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

    a. One check shall be made payable to PLAINTIFF in the amount of $45,450.00, which is intended to compensate him for his RELEASED CLAIMS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment. PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

    b. A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS. The Settlement Administrator

will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and PLAINTIFF for this payment.

The payments shall include no withholdings and shall be reported on IRS Forms 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

3.      Binding Effect: The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement. This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors and assigns. All RELEASED PARTIES, and their heirs, executors, administrators, personal representatives, successors and assigns, are third-party beneficiaries of this Agreement.

4.      Scope of Agreement: This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and supersedes any and all prior agreements or understandings between the PARTIES. This Agreement may not be modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

5.      Full Consideration: PLAINTIFF represents and warrants that he is not owed any amounts, compensation, or damages of any nature from the RELEASED PARTIES for the RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that which was sought in the Action. PLAINTIFF understands that this Agreement is a compromise of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he will have been fully compensated for all hours worked and all overtime incurred during the course of his employment or engagement with any of

the RELEASED PARTIES, as of the effective date of this Agreement. PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6. <u>Represented by Counsel.</u> PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7. <u>No Admission Of Liability or Employment Relationship</u>: Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF. By entering into this agreement with PLAINTIFF, DEFENDANTS do not in any way concede or agree that an employment relationship existed between PLAINTIFF and GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) or between PLAINTIFF and DIRECTV, LLC. Indeed, DEFENDANTS expressly deny that any such relationship existed.

8. <u>Dismissal of Lawsuit and No Other Action Pending.</u> PLAINTIFF agrees to take all the steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile the Action or otherwise pursue his claims. Other than the Action, PLAINTIFF represents that he has not filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court. In the

event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice. PLAINTIFF agrees, promises and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

9.   <u>Any Taxes and Liens Responsibility of PLAINTIFF:</u> PLAINTIFF agrees that any taxes and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS and the RELEASED PARTIES have made no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien advice. PLAINTIFF acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

10.   <u>Unopposed Motion for Approval of Settlement</u>:  PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved,and the Action is dismissed with prejudice. PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of

Page 7 of 10

PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above. Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS. No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court approval of the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate review of the decision denying approval of the Agreement. In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.    Confidentiality: If employed by any DEFENDANT or engaged as a contractor or subcontractor by any DEFENDANT as of the effective date of this Agreement, PLAINTIFF agrees to keep confidential and not to otherwise disclose the terms of this Agreement, other than to immediate family members or his tax and legal advisors, provided that any such individuals agree to maintain the confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation by PLAINTIFF of this provision. Nothing herein shall preclude PLAINTIFF from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12.    Construction and Applicable Law: This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State

of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

13.     Severability:  If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected.  However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement.  Rather, if it is deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

14.     Preparation of Documents: This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

15.     Counterparts: This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**

_____
Chris Chesley

Date: 6/22/18

**FOR DEFENDANTS:**

_____
DIRECTV, LLC

Date: _____

_____
GOODMAN NETWORKS, INC.

Date: _____

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff  David Hutchinson ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including   MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.     PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined as the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, LLC, et al.*, Case No. 1:14-cv-00468-PB.

B.     DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.     This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour and retaliation complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action.  The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.     PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for retaliation and for unpaid wages and other compensation or damages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the

Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), as well as under all other federal, state and/or local laws applicable to such claims or within the scope of the Release set forth in Paragraph 1 of this Agreement below.

E.       PLAINTIFF understands that the settlement of his claims against DEFENDANTS must be approved by the Court in which the Action is now pending. PLAINTIFF understands that this Agreement will not become effective unless and until the Court issues an order approving the settlement and dismissing the Action with prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.       Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs, executors, administrators, personal representative, assigns and legal representatives hereby release GOODMAN NETWORKS, INC. (including  MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and affiliated companies and benefits plans, and in the case of all such entities, their current and former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually,

"RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims (*e.g.*, all claims related to the amount, calculation, or method of payment of compensation, deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement;  and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS").  No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department.  Excluded from this release and

waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation. PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above.  The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement. PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

2.      Consideration: In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this

Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) the entry of a judgment by the Court, finally approving this Agreement, and (iv) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $16,750.00 (Sixteen Thousand Seven Hundred Fifty Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount").   The Settlement Amount shall be paid as follows:

    a.  One check shall be made payable to PLAINTIFF in the amount of $16,750.00, which is intended to compensate him for his RELEASED CLAIMS.   The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment.   PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

    b.  A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS.   The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and PLAINTIFF for this payment.

The payments shall include no withholdings and shall be reported on IRS Forms 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

    3.   <u>Binding Effect:</u> The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that

they are of legal age and that they have relied solely upon their own judgment without influence

of anyone in making this Agreement, and that they are legally authorized to execute the same.

The PARTIES further acknowledge that they have been provided a reasonable, full and ample

opportunity to study this Agreement, that it fully and accurately reflects all understandings and

agreements between the PARTIES concerning the matters referenced herein, and that they are

not relying on any other representations whatsoever as an inducement to execute this Agreement.

This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and

DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors

and assigns.   All RELEASED PARTIES, and their heirs, executors, administrators, personal

representatives, successors and assigns, are third-party beneficiaries of this Agreement.

       4.    <u>Scope of Agreement:</u> This Agreement embodies the entire agreement and

understanding of the PARTIES with respect to the matters addressed herein, and supersedes any

and all prior agreements or understandings between the PARTIES. This Agreement may not be

modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

       5.    <u>Full Consideration:</u> PLAINTIFF represents and warrants that he is not owed any

amounts, compensation, or damages of any nature from the RELEASED PARTIES for the

RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that

which was sought in the Action.  PLAINTIFF understands that this Agreement is a compromise

of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he

will have been fully compensated for all hours worked and all overtime incurred during the

course of his employment or engagement with any of the RELEASED PARTIES, as of the

effective date of this Agreement.   In addition, PLAINTIFF expressly acknowledges that a

portion of the consideration described in Paragraph 2 is allocated as consideration for

PLAINTIFF's release of the retaliation claim he alleged in the Action. PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6.     <u>Represented by Counsel.</u> PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7.     <u>No Admission Of Liability or Employment Relationship</u>: Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF.  By entering into this agreement with PLAINTIFF, DEFENDANTS do not in any way concede or agree that an employment relationship existed between PLAINTIFF and GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) or between PLAINTIFF and DIRECTV, LLC.  Indeed, DEFENDANTS expressly deny that any such relationship existed.

8.      <u>Dismissal of Lawsuit and No Other Action Pending.</u>   PLAINTIFF agrees to take all the steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile the Action or otherwise pursue his claims.   Other than the Action, PLAINTIFF represents that he has not filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court.  In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.  PLAINTIFF agrees, promises and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

9.      <u>Any Taxes and Liens Responsibility of PLAINTIFF:</u> PLAINTIFF agrees that any taxes and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS and the RELEASED PARTIES have made no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien advice. PLAINTIFF acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury

Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

      10.   <u>Unopposed Motion for Approval of Settlement</u>:  PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved,and the Action is dismissed with prejudice.  PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above.  Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS.  No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

      Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court approval of the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate

review of the decision denying approval of the Agreement.  In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.     <u>Construction and Applicable Law:</u> This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

12.     <u>Severability:</u>  If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected.  However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement.  Rather, if it is deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

13.     <u>Preparation of Documents:</u> This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

14.     <u>Counterparts:</u> This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**

_David H_____

David Hutchinson

Date: _8/6/2018_____

**FOR DEFENDANTS:**

_____

DIRECTV, LLC

Date: _____

_____

GOODMAN NETWORKS, INC.

Date: _____

1001040

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff David Moosman ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.  PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined to include both the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, et al.*, Case No. 1:14-cv-00468-PB, and the prior related lawsuits filed in the U.S. District Court for the Eastern District of Louisiana, captioned *Lang, et al. v. DIRECTV, Inc., et al.*, Case No. 2:10-cv-01085, and *Acfalle v. DirecTV*, Case No. 13-8108 ABC (Ex.), filed in the U.S District Court for the Central District of California.

B.  DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.  This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action. The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.  PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for unpaid wages and other compensation or damages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act

(M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), as well as under all other federal, state and/or local laws applicable to such claims or within the scope of the Release set forth in Paragraph 1 of this Agreement below.

E.      PLAINTIFF understands that the settlement of his claims against DEFENDANTS must be approved by the Court in which the Action is now pending. PLAINTIFF understands that this Agreement will not become effective unless and until the Court issues an order approving the settlement and dismissing the Action with prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.      Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs, executors, administrators, personal representative, assigns and legal representatives hereby release GOODMAN NETWORKS, INC. (including  MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and affiliated companies and benefits plans, and in the case of all such entities, their current and former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually, "RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims

Page 2 of 10

(*e.g.*, all claims related to the amount, calculation, or method of payment of compensation, deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement;  and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS").  No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

   With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department.  Excluded from this release and waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation.  PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

Page 3 of 10

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above.  The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement.  PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

2.      <u>Consideration:</u> In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) the entry of a judgment by the Court, finally approving this Agreement, and (iv) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $9,000.00 (Nine Thousand Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount").  The Settlement Amount shall be paid as follows:

a.   One check shall be made payable to PLAINTIFF in the amount of $9,000.00, which is intended to compensate him for his RELEASED CLAIMS.   The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment.  PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

b.   A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS.   The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and PLAINTIFF for this payment.

The payments shall include no withholdings and shall be reported on IRS Forms 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

3.   <u>Binding Effect:</u> The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement. This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors and assigns.   All RELEASED PARTIES, and their heirs, executors, administrators, personal representatives, successors and assigns, are third-party beneficiaries of this Agreement.

4.      <u>Scope of Agreement:</u> This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and supersedes any and all prior agreements or understandings between the PARTIES. This Agreement may not be modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

5.      <u>Full Consideration:</u> PLAINTIFF represents and warrants that he is not owed any amounts, compensation, or damages of any nature from the RELEASED PARTIES for the RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that which was sought in the Action.  PLAINTIFF understands that this Agreement is a compromise of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he will have been fully compensated for all hours worked and all overtime incurred during the course of his employment or engagement with any of the RELEASED PARTIES, as of the effective date of this Agreement.   PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6.      <u>Represented by Counsel.</u> PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7.      <u>No Admission Of Liability or Employment Relationship:</u> Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor

shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF.  By entering into this agreement with PLAINTIFF, DEFENDANTS do not in any way concede or agree that an employment relationship existed between PLAINTIFF and GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) or between PLAINTIFF and DIRECTV, LLC.    Indeed, DEFENDANTS expressly deny that any such relationship existed.

8.      Dismissal of Lawsuit and No Other Action Pending.   PLAINTIFF agrees to take all the steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile the Action or otherwise pursue his claims.  Other than the Action, PLAINTIFF represents that he has not filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court.  In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.  PLAINTIFF agrees, promises and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

9.      Any Taxes and Liens Responsibility of PLAINTIFF: PLAINTIFF agrees that any taxes and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS and the RELEASED PARTIES have made no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien advice. PLAINTIFF

acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

10.   Unopposed Motion for Approval of Settlement:  PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved,and the Action is dismissed with prejudice. PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above.  Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS.  No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court approval of

the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate review of the decision denying approval of the Agreement.  In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.    Confidentiality: If employed by any DEFENDANT or engaged as a contractor or subcontractor by any DEFENDANT as of the effective date of this Agreement, PLAINTIFF agrees to keep confidential and not to otherwise disclose the terms of this Agreement, other than to immediate family members or his tax and legal advisors, provided that any such individuals agree to maintain the confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation by PLAINTIFF of this provision. Nothing herein shall preclude PLAINTIFF from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12.    Construction and Applicable Law: This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

13.    Severability: If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected.  However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement.  Rather, if it is deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

14.     <u>Preparation of Documents:</u> This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

15.     <u>Counterparts:</u> This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**                          **FOR DEFENDANTS:**

_David Moosman_                       _____
David Moosman                          DIRECTV, LLC

Date: _6-22-18_                        Date: _____

                                       _____
                                       GOODMAN NETWORKS, INC.

                                       Date: _____

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff   John Patterson ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including   MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.      PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined to include both the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, et al.*, Case No. 1:14-cv-00468-PB, and the prior related lawsuits filed in the U.S. District Court for the Eastern District of Louisiana, captioned *Lang, et al. v. DIRECTV, Inc., et al.*, Case No. 2:10-cv-01085, and *Acfalle v. DirecTV*, Case No. 13-8108 ABC (Ex.), filed in the U.S District Court for the Central District of California.

B.      DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.      This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action.  The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.      PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for

unpaid wages and other compensation or damages, including overtime

compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts

Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts

Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts

Meal Break regulations (M.G.L. c. 149 sections 100 and 101), as well as under all

other federal, state and/or local laws applicable to such claims or within the scope

of the Release set forth in Paragraph 1 of this Agreement below.

E.      PLAINTIFF understands that the settlement of his claims against DEFENDANTS

must be approved by the Court in which the Action is now pending. PLAINTIFF

understands that this Agreement will not become effective unless and until the

Court issues an order approving the settlement and dismissing the Action with

prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the

various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree

to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.      Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs,

executors, administrators, personal representative, assigns and legal representatives hereby

release GOODMAN NETWORKS, INC. (including  MULTIBAND FIELD SERVICES, INC.

and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and

affiliated companies and benefits plans, and in the case of all such entities, their current and

former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns,

corporations, shareholders, officers, agents, servants, directors, current and former employees,

partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs,

executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually, "RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims (*e.g.*, all claims related to the amount, calculation, or method of payment of compensation, deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement;  and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS").  No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

　　　　With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is

releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department.  Excluded from this release and waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation. PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above.  The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement. PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts

involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

      2.    <u>Consideration:</u> In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) the entry of a judgment by the Court, finally approving this Agreement, and (iv) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $3,500.00 (Three Thousand Five Hundred Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

    a.    One check shall be made payable to PLAINTIFF in the amount of $3,500.00, which is intended to compensate him for his RELEASED CLAIMS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment. PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

    b.    A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and PLAINTIFF for this payment.

The payments shall include no withholdings and shall be reported on IRS Forms 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

3. <u>Binding Effect:</u> The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement. This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors and assigns. All RELEASED PARTIES, and their heirs, executors, administrators, personal representatives, successors and assigns, are third-party beneficiaries of this Agreement.

4. <u>Scope of Agreement:</u> This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and supersedes any and all prior agreements or understandings between the PARTIES. This Agreement may not be modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

5. <u>Full Consideration:</u> PLAINTIFF represents and warrants that he is not owed any amounts, compensation, or damages of any nature from the RELEASED PARTIES for the RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that which was sought in the Action. PLAINTIFF understands that this Agreement is a compromise

of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he will have been fully compensated for all hours worked and all overtime incurred during the course of his employment or engagement with any of the RELEASED PARTIES, as of the effective date of this Agreement. PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6. <u>Represented by Counsel.</u> PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7. <u>No Admission Of Liability or Employment Relationship</u>: Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF. By entering into this agreement with PLAINTIFF, DEFENDANTS do not in any way concede or agree that an employment relationship existed between PLAINTIFF and GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and

MULTIBAND CORP.) or between PLAINTIFF and DIRECTV, LLC.  Indeed, DEFENDANTS expressly deny that any such relationship existed.

       8.    <u>Dismissal of Lawsuit and No Other Action Pending.</u>  PLAINTIFF agrees to take all the steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile the Action or otherwise pursue his claims.  Other than the Action, PLAINTIFF represents that he has not filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court.  In the event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.  PLAINTIFF agrees, promises and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

       9.    <u>Any Taxes and Liens Responsibility of PLAINTIFF:</u> PLAINTIFF agrees that any taxes and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS and the RELEASED PARTIES have made no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien advice. PLAINTIFF acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or

be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

10.   <u>Unopposed Motion for Approval of Settlement</u>:   PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved,and the Action is dismissed with prejudice.  PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above.   Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS.  No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court

approval of the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate review of the decision denying approval of the Agreement.  In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.     Confidentiality: If employed by any DEFENDANT or engaged as a contractor or subcontractor by any DEFENDANT as of the effective date of this Agreement, PLAINTIFF agrees to keep confidential and not to otherwise disclose the terms of this Agreement, other than to immediate family members or his tax and legal advisors, provided that any such individuals agree to maintain the confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation by PLAINTIFF of this provision. Nothing herein shall preclude PLAINTIFF from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12.     Construction and Applicable Law: This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

13.     Severability:  If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected.  However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement.  Rather, if it is

deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

14.     <u>Preparation of Documents:</u> This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

15.     <u>Counterparts:</u> This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**                                    **FOR DEFENDANTS:**

_____*John J. Patterson*_____          _____
John Patterson                                    DIRECTV, LLC

Date: _07/30/2018_                          Date: _____

                                                         _____
                                                         GOODMAN NETWORKS, INC.

                                                         Date: _____

1001042

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Plaintiff Christopher Thomas ("PLAINTIFF") and Defendants GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.) and DIRECTV, LLC, (collectively "DEFENDANTS") (with PLAINTIFF, the "PARTIES"), with reference to the following facts:

A.      PLAINTIFF instituted a lawsuit against DEFENDANTS (the "Action"). For purposes of this Agreement, the "Action" is defined to include both the pending lawsuit filed in the U.S. District Court for the District of New Hampshire, captioned *Chesley, et al. v. DIRECTV, LLC, et al.*, Case No. 1:14-cv-00468-PB, and the prior related lawsuits filed in the U.S. District Court for the Eastern District of Louisiana, captioned *Lang, et al. v. DIRECTV, Inc., et al.*, Case No. 2:10-cv-01085, and *Acfalle v. DirecTV*, Case No. 13-8108 ABC (Ex.), filed in the U.S District Court for the Central District of California.

B.      DEFENDANTS deny any and all liability to PLAINTIFF and asserted various defenses and affirmative defenses to PLAINTIFF's claims in the Action.

C.      This Agreement is intended to be a release which fully and finally disposes of any and all wage and hour complaints and causes of actions possessed by PLAINTIFF against DEFENDANTS that were brought or could have been brought in the Action.  The scope of the RELEASED CLAIMS is set forth in Paragraph 1 of this Agreement below.

D.      PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* disputed claim concerning his entitlement to payment for unpaid wages and other compensation or damages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c. 151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and

101), as well as under all other federal, state and/or local laws applicable to such claims or within the scope of the Release set forth in Paragraph 1 of this Agreement below.

E.   PLAINTIFF understands that the settlement of his claims against DEFENDANTS must be approved by the Court in which the Action is now pending. PLAINTIFF understands that this Agreement will not become effective unless and until the Court issues an order approving the settlement and dismissing the Action with prejudice.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action as herein described, to wit:

1.   Release: Subject to the terms of this Agreement, PLAINTIFF and his heirs, executors, administrators, personal representative, assigns and legal representatives hereby release GOODMAN NETWORKS, INC. (including MULTIBAND FIELD SERVICES, INC. and MULTIBAND CORP.), DIRECTV, LLC, AT&T INC., their parents, subsidiaries, and affiliated companies and benefits plans, and in the case of all such entities, their current and former trustees, beneficiaries, receivers, parents, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, administrators, vendors, clients, customers, related entities, individuals or entities that could be jointly liable with any DEFENDANT or AT&T INC., or any of DEFENDANTS' or AT&T INC.'s Home Service Providers, subcontractors, other contractors and business partners, past and present, and their affiliates (collectively, the "RELEASED PARTIES" or individually, "RELEASED PARTY"), from any and all claims that were alleged in this Action and all wage and hour claims (*e.g.*, all claims related to the amount, calculation, or method of payment of compensation, deductions from compensation, wage notices, chargebacks, pay stubs and retaliation related to any such issues), including, but not limited to: (1) any and all wage and hour claims based on allegations that PLAINTIFF was an employee of any RELEASED PARTY for any time spent classified or working as an independent contractor prior to the effective date of the Agreement; (2) any and all

Page 2 of 10

claims relating to wages, other compensation, hours worked, and the like under federal, state, local, administrative and/or common law; (3) any and all claims that could have been alleged in the Action or arise out of or relate to the same facts alleged in the Action; (4) claims for retaliation based on any wage and hour lawsuits, complaints, disputes or issues that occurred prior to the effective date of the Agreement; and (5) any and all attorneys' fees, interest, liens, damages, costs, expenses or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF and his attorneys and any other person acting on PLAINTIFF's behalf which arose or which may hereafter arise from any of the alleged wrongs, injuries or claims raised in the pleadings by PLAINTIFF in the Action (collectively, the "RELEASED CLAIMS"). No claim or cause of action of any nature that accrues after the effective date of this Agreement will "relate back" to the filing of the complaints in the Action.

With respect to the RELEASED CLAIMS, PLAINTIFF is releasing and waiving not only his right to recover money or other relief in any action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, any representative class or collective action plaintiff, the Department of Labor, and/or any other federal, state or local governmental agency or department. Excluded from this release and waiver are any claims or rights which cannot be waived by law, such as PLAINTIFF's right to file a charge with an administrative agency or participate in any agency investigation. PLAINTIFF is, however, waiving his right to recover any money in connection with any administrative charge or investigation.

This Agreement is a full and final bar to any and all manner of actions, causes of actions, charges, suits, rights to attorneys' fees or costs, debts, obligations, claims, and demands whatsoever in law or equity that PLAINTIFF may have against any RELEASED PARTY and is covered by the scope of the RELEASED CLAIMS as set forth above. The RELEASED CLAIMS expressly include, without limitation, any claims arising under the Fair Labor Standards Act ("FLSA"), the Massachusetts Payment of Wages Act (M.G.L. c. 149 sections 148 and 150), the Massachusetts Overtime regulations (M.G.L. c.

151 sections 1A and 1B), the Massachusetts Meal Break regulations (M.G.L. c. 149 sections 100 and 101), and any other applicable state and local wage and hour laws.

For the purpose of implementing a full and complete Release, PLAINTIFF expressly acknowledges that this Agreement resolves all legal claims PLAINTIFF may have within the scope of the Release set forth in this Paragraph against any RELEASED PARTY as of the effective date of this Agreement, including but not limited to claims PLAINTIFF did not know or suspect to exist in PLAINTIFF's favor at the time of the effective date of this Agreement. PLAINTIFF hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to PLAINTIFF.

2.      Consideration: In consideration for the covenants, releases and compromises of PLAINTIFF as set forth in this Agreement, within twenty-one (21) days of (i) execution of this Agreement by PLAINTIFF, (ii) receipt by Analytics Consulting, LLC, 18675 Lake Drive E, Chanhassen, MN 55317, (952) 404-5700 (the "Settlement Administrator") of substitute IRS Forms W-9 fully executed by PLAINTIFF and his counsel, (iii) receipt by the Settlement Administrator of an IRS Form W-4 fully executed by PLAINTIFF, (iv) the entry of a judgment by the Court, finally approving this Agreement, and (v) the Court issuing an order dismissing PLAINTIFF's claims in this Action with prejudice, the Settlement Administrator will pay PLAINTIFF the total sum of $5,100.00 (Five Thousand One Hundred Dollars) and a separate payment described below to PLAINTIFF's counsel (the "Settlement Amount"). The Settlement Amount shall be paid as follows:

a.  One check shall be made payable to PLAINTIFF in the amount of $2,550.00, less all applicable taxes and withholding, including for federal, state and local income tax and payroll taxes. The Settlement Administrator will issue an IRS Form W-2 to PLAINTIFF reflecting this payment. PLAINTIFF will provide the Settlement Administrator with a fully executed IRS Form W-4. No such payment will be taken into account for purposes of determining benefits under any benefit plan maintained by any RELEASED PARTY.

b.  One check shall be made payable to PLAINTIFF in the amount of $2,550.00 which is intended to compensate for RELEASED CLAIMS relating to liquidated damages. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF reflecting this payment. PLAINTIFF will provide the Settlement Administrator with a fully executed substitute IRS Form W-9.

c.  A payment shall be made to PLAINTIFF's counsel Stueve Siegel Hanson LLP in the amount of $26,000.00, in full satisfaction of all attorneys' fees and out of pocket costs and expenses incurred by representing PLAINTIFF against DEFENDANTS. The Settlement Administrator will issue an IRS Form 1099-MISC to PLAINTIFF's counsel and' PLAINTIFF for this payment.

The payments in 2(b) and 2(c) shall include no withholdings and shall be reported on IRS Form 1099. DEFENDANTS shall have no further monetary obligation to PLAINTIFF except as expressly set forth in this Agreement.

3.      Binding Effect: The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement. This Agreement shall inure to the benefit of and shall be binding upon PLAINTIFF and DEFENDANTS, and their heirs, executors, administrators, personal representatives, successors and assigns. All RELEASED PARTIES, and their heirs, executors, administrators, personal representatives, successors and assigns, are third-party beneficiaries of this Agreement.

4.    Scope of Agreement: This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and supersedes any and all prior agreements or understandings between the PARTIES. This Agreement may not be modified, revoked or otherwise altered except by a separate writing executed by the PARTIES.

5.    Full Consideration: PLAINTIFF represents and warrants that he is not owed any amounts, compensation, or damages of any nature from the RELEASED PARTIES for the RELEASED CLAIMS or anything arising out of the RELEASED CLAIMS other than that which was sought in the Action. PLAINTIFF understands that this Agreement is a compromise of any such claims and agrees that upon receipt of the consideration described in Paragraph 2 he will have been fully compensated for all hours worked and all overtime incurred during the course of his employment or engagement with any of the RELEASED PARTIES, as of the effective date of this Agreement.  PLAINTIFF acknowledges the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from RELEASED PARTIES in settlement of the RELEASED CLAIMS.

6.    Represented by Counsel. PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged wages, including overtime pay, and liquidated damages he would be entitled to receive in light of the risk of loss associated with all or some of the claims, for compensation for hours worked, particularly considering that the amount of hours he actually worked is disputed.

7.    No Admission Of Liability or Employment Relationship: Neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. PLAINTIFF does not purport and shall not claim to be a prevailing party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce the terms contained herein. DEFENDANTS and the other RELEASED PARTIES hereby expressly deny any

Page 6 of 10

wrongdoing or liability whatsoever to PLAINTIFF.  By entering into this agreement with PLAINTIFF,

Defendant DIRECTV, LLC, does not in any way concede or agree that an employment relationship

existed between PLAINTIFF and DIRECTV, LLC.  Indeed, Defendant DIRECTV, LLC expressly denies

that any such relationship existed.

        8.     <u>Dismissal of Lawsuit and No Other Action Pending.</u>  PLAINTIFF agrees to take all the

steps necessary to dismiss the Action with prejudice as set forth in Paragraph 10 and agrees not to refile

the Action or otherwise pursue his claims.  Other than the Action, PLAINTIFF represents that he has not

filed any lawsuit, claim, charge, or complaint involving the RELEASED CLAIMS against any

DEFENDANT or other RELEASED PARTY with any local, state, or federal agency or court.  In the

event that any agency or court assumes jurisdiction of any lawsuit, claim, charge or complaint, or purports

to bring any legal proceedings on PLAINTIFF's behalf against any DEFENDANT or other RELEASED

PARTY involving the RELEASED CLAIMS, then PLAINTIFF shall promptly request that the agency or

court withdraw from and dismiss the lawsuit, claim, charge, or complaint with prejudice.  PLAINTIFF

agrees, promises and covenants that he has made no assignment and shall make no assignment of the

RELEASED CLAIMS.

        9.     <u>Any Taxes and Liens Responsibility of PLAINTIFF:</u> PLAINTIFF agrees that any taxes

and liens due are solely the responsibility of PLAINTIFF and that he will hold DEFENDANTS and the

RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement,

other than any required employer's share of payroll taxes from the portion of the settlement designated

above to be reported on an IRS Form W-2. DEFENDANTS and the RELEASED PARTIES have made

no representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not

relied on any statement of DEFENDANTS or the RELEASED PARTIES as constituting tax and/or lien

advice. PLAINTIFF acknowledges and agrees that no provision of this Agreement, and no written

communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall

any such communication or disclosure constitute or be construed or be relied upon as, tax advice within

the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended). PLAINTIFF is advised to obtain independent tax advice in connection with this Agreement.

      10.    <u>Unopposed Motion for Approval of Settlement</u>: PLAINTIFF shall file an unopposed motion requesting the U.S. District Court for the District of New Hampshire to approve this Agreement within thirty (30) days after signing this Agreement. DEFENDANTS shall be provided a copy of the proposed motion five (5) days prior to its filing to afford DEFENDANTS an opportunity to comment on the same and PLAINTIFF shall secure DEFENDANTS' non-opposition to the motion prior to filing. PLAINTIFF and DEFENDANTS understand that this Agreement will not become effective unless and until the Court issues an Order approving the settlement, the settlement/resolutions of the Critical Cases identified in the DIRECTV Litigation Settlement Agreement dated January 3, 2018 are approved, and the Action is dismissed with prejudice. PLAINTIFF shall file a joint stipulated dismissal, with prejudice, of PLAINTIFF's claims in the Action, with each party to bear its own costs and attorneys' fees (except as provided herein), within ten (10) days of the Court finally approving this Agreement as noted above. Within ten (10) days of the Court finally approving this Agreement, PLAINTIFF will also cause the dismissal, with prejudice, of his claims in any other pending lawsuit, complaint, charge, action, compliance review, investigation or proceeding against DEFENDANTS asserting any of the RELEASED CLAIMS. No payment shall be made to PLAINTIFF unless and until the dismissal of the Action is approved and ordered, with prejudice.

      Should the Court fail for any reason to approve this Agreement, the PARTIES shall (a) confer in good faith to modify the Agreement to address the concerns of the Court, as set forth in the DIRECTV Litigation Settlement Agreement dated January 3, 2018, and then seek Court approval of the renegotiated Agreement; or (b) jointly agree to seek reconsideration or appellate review of the decision denying approval of the Agreement. In the event any renegotiated Agreement fails to receive approval despite the PARTIES' good faith efforts to address the Court's concerns, or any request for reconsideration or appellate review is denied, the PARTIES shall have no further rights or obligations under this Agreement and the lawsuit shall resume.

11.    Confidentiality: If employed by any DEFENDANT or engaged as a contractor or subcontractor by any DEFENDANT as of the effective date of this Agreement, PLAINTIFF agrees to keep confidential and not to otherwise disclose the terms of this Agreement, other than to immediate family members or his tax and legal advisors, provided that any such individuals agree to maintain the confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation by PLAINTIFF of this provision. Nothing herein shall preclude PLAINTIFF from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12.    Construction and Applicable Law: This Agreement shall be construed in accordance with the laws of the State of New Hampshire, exclusive of laws relating to conflicts of laws. For any action related to the interpretation of this Agreement, PLAINTIFF consents to personal jurisdiction in the State of New Hampshire, and venue for enforcement of this Agreement shall lie exclusively in the State of New Hampshire.

13.    Severability: If any section of the Agreement should be held invalid by operation of law or by a court of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such court, the application of any and all other sections, other than those which have been held invalid, will not be affected. However, under no circumstances may the Release provision set forth in Paragraph 1 be severed from the Agreement. Rather, if it is deemed unenforceable, PLAINTIFF will execute another Release provision that is valid, lawful and enforceable, it being the intent of the parties for PLAINTIFF to provide a waiver and release under this Agreement.

14.    Preparation of Documents: This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

15.    Counterparts: This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

Page 9 of 10

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signatures. This Agreement may be executed by facsimile or email signatures in multiple counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same valid and binding agreement.

**PLAINTIFF:**

Christopher Thomas

Date: 6/25/18

**FOR DEFENDANTS:**

DIRECTV, LLC

Date: _____

GOODMAN NETWORKS, INC.

Date: _____

Page 10 of 10